UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

THERESA O'LOUGHLIN,

                         Plaintiff,

   -against-

METROPOLITAN TRANSPORTATION AUTHORITY,

                        Defendants.

-----------------------------------------------------------------x

JURY TRIAL DEMANDED

**COMPLAINT**

06 CV 0425
(MBM)
ECF CASE

Plaintiff, THERESA O'LOUGHLIN, by her attorneys, TRAUB & TRAUB, P.C., complaining of defendant, alleges the following:

## NATURE OF THE ACTION

1. This is an action arising under the Family Medical Leave Act of 1973, as amended, ("FMLA"), 29 U.S.C. Section 2601 *et seq.*; the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. Section 12101 *et seq.*; the New York State Human Rights Law, Section 290 *et seq.* of the New York State Executive Law; the New York City Human Rights Law, Section 8-101 *et seq.*, of the Administrative Code of the City of New York; and the New York City Local Civil Rights Restoration Act to redress discrimination and retaliation against plaintiff in her employment on the basis of her request and use of family medical leave, on the basis of her disabilities, on the basis of defendant regarding plaintiff as being disabled, and on the basis of her engaging in protected activity, all of which manifested itself in such a way as to deny her equal terms and conditions of employment, to create a hostile work environment, and to otherwise injure her.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1337, 29 U.S.C. Sections 1343 and 2617, and 42 U.S.C. Section 12117.  In addition, plaintiff respectfully requests that this Court exercise pendant jurisdiction over her claims arising under New York State and City law, pursuant to 28 U.S.C. Section 1367.

3.      Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. Section 1391 on the basis that the unlawful employment practices described herein were committed within the State of New York, in defendant's offices in New York, New York.

**THE PARTIES**

4.      Plaintiff, THERESA O'LOUGHLIN, is an adult individual, a citizen of the United States, and a resident of the State of New Jersey.

5.      Upon information and belief, defendant METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") is a New York State public authority with offices and facilities located in the State of New York, County of New York, and said authority is engaged in the business of providing commuter transportation services within the metropolitan New York area.  Defendant was and is the "employer" of plaintiff within the meaning of the "FMLA", the "ADA", the New York State Human Rights Law, the New York City Administrative Code and the New York City Local Civil Rights Restoration Act.

## STATEMENT OF FACTS

6. Defendant hired plaintiff in or about June of 1997 as a Design Manager.

7. Defendant promoted plaintiff to Senior Design Manager in or about 1998.

8. Plaintiff's work was both satisfactory and well-received at the workplace.

9. In or about March, 2004, plaintiff became disabled with depression, after the untimely death of her brother.

10. Due to plaintiff's disability, plaintiff requested and was granted a Family Medical Leave.

11. Plaintiff returned to employment on a part-time basis on or about April 19, 2004.

12. Plaintiff returned to employment on a full-time basis on or about May 19, 2004.

13. Upon plaintiff's return to her employment, she was subjected to discriminatory conduct, a hostile work environment, and retaliation and reprisal for having taken a leave.

14. Defendant's Director of Marketing & Corporate Communications, Alicia Martinez, indicated her displeasure and annoyance that plaintiff had taken a leave and had failed to call in during her leave.

15. Ms. Martinez indicated her displeasure and annoyance that plaintiff was allowed to initially return to work on a part-time basis.

16. Upon plaintiff's return to the workplace, Ms. Martinez demanded plaintiff get out of her office in a threatening manner toward plaintiff, gesturing to plaintiff to get out of her office and slamming the door in plaintiff's face.

17. Ms. Martinez thereafter removed work from plaintiff on all major projects on which she had previously participated and assigned such work to others in plaintiff's stead. The deprivation of important work projects has continued to date.

18. Ms. Martinez ceased communicating directly with plaintiff, refusing to speak directly to plaintiff after her return from leave and she has continued to do so.

19. Ms. Martinez began excluding plaintiff from meetings and has continued to do so.

20. Ms. Martinez began subjecting plaintiff's work to heightened scrutiny and unwarranted criticism and she has continued to do so, often requiring plaintiff to re-do assignments over and over without reason or justification.

21. Ms. Martinez began denying plaintiff's requests for training and has continued to do so.

22. Ms. Martinez stopped considering and awarding plaintiff merit increases in salary.

23. Ms. Martinez began subjecting plaintiff to behavior which was meant to – and did - isolate and segregate plaintiff at the workplace in a manner that has adversely affected plaintiff's opportunities and status and Ms. Martinez has continued to do so.

24. Plaintiff reported her subjection to the above treatment to her superiors and defendant has failed to take effective remedial action.

25. Defendant's conduct, as set forth herein, was carried out by persons all of whom exercised managerial authority on behalf of the defendant and all of whom acted within the scope and course of their employment.

26. Defendant's conduct, as set forth herein, was repeated and willful.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAMIILY MEDICAL LEAVE ACT

27. The allegations contained in paragraphs 1- 26 are incorporated by reference as though fully set forth herein.

28. Defendant's acts constitute a violation of the Family Medical Leave Act.

29. As a direct and proximate consequence of defendant's unlawful conduct, plaintiff has been damaged and should be awarded, *inter alia,* declaratory and injunctive relief, lost wages, liquidated damages, attorney fees and costs, and such other relief as may deemed just and proper.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. The allegations contained in paragraphs 1- 29 are incorporated by reference as though fully set forth herein.

31. Defendant's acts constitute a violation of the Americans With Disabilities Act.

32. As a direct and proximate consequence of defendant's unlawful conduct, plaintiff has been damaged and should be awarded, *inter alia,* declaratory and injunctive relief, compensatory and punitive damages, attorney fees and costs, and such other relief as may deemed just and proper.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

33. The allegations contained in paragraphs 1- 32 are incorporated by reference as though fully set forth herein.

...

34. Defendant's acts constitute a violation of the New York State Human Rights Law.

35. As a direct and proximate consequence of defendant's unlawful conduct, plaintiff has been damaged and should be awarded, *inter alia,* declaratory and injunctive relief, compensatory and punitive damages, attorney fees and costs, and such other relief as may deemed just and proper.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE & THE NEW YORK CITY LOCAL CIVIL RIGHTS RESTORATION ACT

36. The allegations contained in paragraphs 1- 35 are incorporated by reference as though fully set forth herein.

37. Defendant's acts constitute a violation of the New York City Administrative Code and the New York City Local Civil Rights Restoration Act. 37.

38. As a direct and proximate consequence of defendant's unlawful conduct, plaintiff has been damaged and should be awarded, *inter alia,* declaratory and injunctive relief, compensatory and punitive damages, attorney fees and costs, and such other relief as may deemed just and proper.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

(a) An Order awarding plaintiff equitable relief and enjoining defendant from further unlawful and discriminatory behavior;

(b) An Order awarding plaintiff lost wages and liquidated damages in an amount equivalent thereto;

(c) An Order awarding plaintiff compensatory damages;

(d) An Order awarding plaintiff punitive damages;

(e) An Order awarding plaintiff reasonable attorneys' fees, expert fees and other reasonable costs of this action; and

(f) Such other and further equitable and legal relief as the Court may deem just and proper.

Dated: New York, New York
       January 17, 2005

**PLAINTIFF DEMANDS TRIAL BY JURY**

                                            TRAUB & TRAUB, P.C.
                                            Attorneys for Plaintiff

By: _____
     Doris G. Traub (DT 3114)
     100 Church Street, Suite 1605
     New York, New York 10007
     Phone: (212) 732-0208
     Fax:    (212) 571-0860